■ In the Matter of THEODORE A. HARDEN et al., Appellants, v TOWN OF MOUNT HOPE et al., Respondents. [658 NYS2d 422] —In a hybrid proceeding pursuant to CPLR article 78 in the nature of mandamus seeking to compel the respondent Town of Mount Hope to enforce a traffic ordinance, and an action, *inter alia,* for a judgment declaring that Town of Mount Hope Ordinance No. 1-1978 does not conflict with Vehicle and Traffic Law § 1660 (a) and that the ordinance must be enforced by the Town of Mount Hope to prevent the use by the respondent Sam Sweetman of vehicles in excess of 18,000 pounds in the hauling of materials from his property located on Shoddy Hollow Road, the petitioners appeal from a judgment of the Supreme Court, Orange County (Bellantoni, J.), dated July 1, 1996, which dismissed the petitioners' first, second, third, and fourth causes of action.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof dismissing the first and second causes of action and substituting therefor provisions (1) declaring that neither Town of Mount Hope Ordinance No. 1-1978 nor Vehicle and Traffic Law § 1660 (a) prevent the respondent Sam Sweetman from hauling materials from his property located on Shoddy Hollow Road, and (2) declaring that the permits issued by the New York State Department of Environmental Conservation to the respondent Sam Sweetman and approvals of his mining operation by the respondent Town of Mount Hope did not impose restrictions as to the types of trucks or the routes of said trucks going to or from his property; as so modified, the judgment is affirmed, without costs or disbursements.

We agree with the Supreme Court that neither Vehicle and Traffic Law § 1660 (a) nor Town of Mount Hope Ordinance No. 1-1978 (hereinafter the ordinance) prevent the respondent Sam Sweetman from hauling materials from his property located on Shoddy Hollow Road. Both Vehicle and Traffic Law § 1660 (a) and the ordinance provide that trucks cannot be prevented from making local deliveries on the road at issue, and the record demonstrated that the permits issued by the New York State Department of Environmental Conservation to the respondent Sam Sweetman for the operation of his mine, and the corresponding approval by the Town of Mount Hope (hereinafter the Town), imposed no conditions with respect to truck type or route.

Moreover, because the petitioners also failed to establish that Sweetman violated the ordinance or any conditions of the Town approval of his operations, the Supreme Court also properly dismissed the petitioners' request for mandamus relief contained in their third and fourth causes of action.

While the Supreme Court correctly interpreted the statute, ordinance, permits, and the Town approvals, it was error to dismiss the first and second causes of action for a declaratory judgment merely because the petitioners were not entitled to the declaration sought by them (see, Lanza v Wagner, 11 NY2d 317, 334, appeal dismissed 371 US 74, cert denied 371 US 901). Mangano, P. J., O'Brien, Ritter and McGinity, JJ., concur.